*In re* AH MOOK & CHOCK HIN.

HABEAS CORPUS.    BEFORE PRESTON, J.

MAY, 1887.

Defendants in the Police Court were charged with gaming, and convicted of having gambling implements in possession contrary to Chap. 41, §5, Laws of 1886.

Held, the conviction was illegal: the prisoners should have been discharged for gaming, and might then have been recharged with the other offense.

DECISION OF PRESTON, J.

In this case I granted a writ of *habeas corpus* for the above

named Ah Mook and Chock Hin on the allegations in a petition presented by one Akai, that the above-named persons were detained by the Marshal in the Oahu prison unlawfully, under an alleged conviction for gaming.

The prisoners were brought before me and a return was filed by the Marshal, averring that the prisoners were lawfully in his custody by virtue of a judgment of the Police Court of Honolulu, dated the 18th March last, adjudging the prisoners, together with one Lu Choy, guilty of violating Section 5, Chapter 41 of the Session Laws of 1886, and of the mittimus issued thereunder.

This return was traversed.

It appears from the records that the prisoners and two other persons were charged before the Police Court with "Gaming at Chee Fa at Honolulu, on the 14th instant," and that after a motion to dismiss the complaint was made by counsel on behalf of said prisoners and one of the other parties charged, a *nolle prosequi* having been entered against the fourth man, on the ground that there was no evidence to support the charge of gaming, and which was overruled, the Magistrate convicted the prisoners of violating "Section 5, Chapter 41, Laws of 1886," and sentenced them to pay a fine of $75 each and costs.

The prisoners were arrested in default of payment of the fine.

I am of opinion that this conviction is illegal. The defendants were not charged under the law of 1886, which provides a punishment against persons having in their possession unlawfully any * * * ticket used or which can be used in any lottery * * * *. This is a separate and distinct act from the Chapter in the Penal Code relating to gaming, and which offense is therein defined.

The prisoners were not guilty of the offense with which they were charged, and should have been dismissed. They might then have been recharged with the proper offense, to which they could have made their defense, if any they had.

From the manner in which the case was decided, they were deprived of their legal right to make a defense, and their con-

viction.: thus being void they must be discharged, and it is so
ordered.

*W. R. Castle,* for relator.

*A. P. Peterson,* for the Crown.

Honolulu, May 4th, 1887.